IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

XYZ CORPORATION,

      Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED IN
SCHEDULE "A,"

      Defendants.
_____/

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

Plaintiff, XYZ Corporation ("Plaintiff"), hereby files its Complaint for Trademark Infringement against the Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations identified in Schedule "A", (collectively, "Defendants") and in support of its claims states at follows:

**I.**      **JURISDICTION AND VENUE**

1. This is an action for damages and injunctive relief for federal trademark infringement and false designation of origin under the Lanham Act pursuant to 15 U.S.C. §§ 1114, 1116, 1121, 1125(a), and 1125(d), and The All Writs Act, 28 U.S.C. § 1651(a); 15 U.S.C. § 1051, et seq., Florida common law unfair competition and Florida common law infringement.

2. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1338(a)-(b), and 15 U.S.C. § 1121. This Court has supplemental jurisdiction pursuant to

28 U.S.C. § 1367(a) over Plaintiff's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

3. This Court may exercise personal jurisdiction over the Defendants because each of the Defendants directly targets its business activities towards consumers throughout the United States, including Florida, through at least the fully interactive e-commerce stores operating under the seller aliases identified in Schedule A (the "Seller Aliases") attached hereto as **Exhibit 1**. Specifically, the Defendants have targeted sales to Florida by operating these e-commerce stores that target Florida consumers, offering to ship to Florida, and accepting payment in U.S. dollars.

4. At a minimum, the common law violations under Florida law are a basis for long-arm jurisdiction over the Defendants, under Florida Statutes §§ 48.193(1)(a), and 48.193(1)(b), because Defendants have committed torts within Florida through infringement and unfair competition under Florida common law.

5. Venue is proper in this district under 28 U.S.C. § 1391 because the Defendants are subject to this Court's personal jurisdiction, not residents of the United States, and upon information and belief, are engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling and/or shipping infringing products to consumers in this district.

6. Each Defendant is properly subject to jurisdiction in the United States because each Defendant is a foreign entity with sufficient contacts to the United States, as they are systematically offering counterfeit items to the United States through the Walmart.com platform (the "Platform"). The systematic offering of counterfeit items for sale in the United States makes it reasonably predictable that each Defendant would be called to answer in a Court within the United States, making the exercise of jurisdiction in this Court consistent with due process.

7. Hence, the Court has jurisdiction over each Defendant under Federal Rule of Civil Procedure 4(k).

## II. PARTIES

**Plaintiff**

8. Plaintiff is a duly organized company under the laws of China and is the owner of the trademark ▓▓▓▓ which has been registered on the Principal Register of the United States Patent and Trademark Office and given Registration No. ▓▓▓▓. A true and correct copy of the federal trademark registration issued for the ▓▓▓▓ mark ("Plaintiff's Mark") is attached hereto as **Exhibit 2**.

9. Plaintiff offers for sale through its online retail store women's fashion and apparel products branded with the "▓▓▓▓ trademark ("Plaintiff's Goods"). Plaintiff has continuously offered Plaintiff's Goods under Plaintiff's Mark since at least as early as 2009. As a result of its continuous use, Plaintiff has also acquired common law trademark rights in Plaintiff's Mark.

10. Plaintiff's extensive and continuous use of Plaintiff's Mark in connection with Plaintiff's Goods has indelibly impressed on the minds of the relevant consuming public that Plaintiff's Mark identifies Plaintiff as the source of Plaintiff's Goods.

11. Plaintiff has expended substantial time, money, and effort to advertise and promote Plaintiff's Goods under the Plaintiff's Mark. Plaintiff has built substantial goodwill in and to Plaintiff's Mark. Plaintiff's Mark is a valuable asset of Plaintiff.

**Defendants**

12. Defendants are business entities of unknown corporate organization and/or structure who own and/or operate one or more of the e-commerce stores on the Walmart Platform. On information and belief, Defendants reside and/or operate in the People's Republic of China or

other related foreign jurisdictions, who redistribute products from the same or similar sources in those locations, and/or ship their goods from the same or similar sources to consumers.

13. On information and belief, the Defendants have provided false or inaccurate business names and addresses when registering for their e-commerce stores. This makes it virtually impossible for Plaintiff to discover the Defendants' true identities and the interworking of their infringement network scheme.

### III. **BACKGROUND INFORMATION**

14. Defendants are each advertising, promoting, offering for sale, and/or selling infringing products using Plaintiff's Mark in the description of goods ("Defendants' Goods") on their e-commerce stores on the Platform. Screenshots of the Defendants' product webpages are attached hereto as **Exhibit 3**.

15. Defendants are using Plaintiff's Mark to initially attract online consumers and drive them to Defendants' e-commerce stores operating under the Seller Aliases. Defendants' use of the wordmark "█████" is identical in sight, spelling, sound, meaning, and commercial impression to Plaintiff's Mark.

16. Defendants' Goods are of a quality substantially lower than that of Plaintiff's genuine goods. Defendants are actively using, promoting and otherwise advertising, distributing, offering for sale and/or selling substantial quantities of their infringing goods with the knowledge and intent that such goods will be mistaken for the genuine, high-quality goods offered for sale by Plaintiff despite Defendants' knowledge that they are without authority to use Plaintiff's Mark. Defendants' actions are likely to confuse consumers at the time of initial interest, sale, and in the post-sale setting, who will believe Defendants' Goods are genuine goods originating from, associated with, and/or approved by Plaintiff.

17. Plaintiff has identified many e-commerce stores offering infringing goods under the ▮▮▮▮▮ mark on online marketplace platforms. Most third-party online marketplace platforms do not subject new sellers to verification or confirm their identities, which allows infringers to use fake or inaccurate names, business information, and addresses when creating their e-commerce stores on these platforms.[1] Third-party online marketplace platforms also generally do not require a seller to identify any underlying business entity, thus infringers can create multiple profiles and e-commerce stores that appear unrelated, even though they are commonly owned and operated.[2]

18. Defendants facilitate sales by opening the e-commerce stores operating under the Seller Aliases so that they appear to unsuspecting customers to be authorized online retailers. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators, like the Defendants, to conceal their identities and the full scope and interworking of their infringement operation, and to avoid being shut down. E-commerce stores operating under the Seller Aliases appear legitimate because they are operating on well-known and trusted online marketplace platforms and accept payment in U.S. dollars and/or funds from U.S. bank accounts via credit cards, Alipay, and/or PayPal.

19. E-commerce stores operating under the Seller Aliases share other notable standard features, including the use of the same registration patterns, keywords, advertising tactics, similarities in price and quantities, incorrect grammar and misspellings, and/or the reuse of the same text and images. Additionally, Defendants' Products offered for sale by the Seller Aliases

---

[1] U.S. Department of Homeland Security, Report on Combating Trafficking in Counterfeit and Pirated Goods, January 24, 2020, (available at: https://www.dhs.gov/sites/default/files/publications/20_0124_plcy_counterfeit-pirated-goods-report_01.pdf).
[2] *Id.* at 39.

bear similar irregularities, suggesting that the Defendants' Products were manufactured by and come from a common source and that Defendants are interrelated.

20. Plaintiff has not licensed or authorized the Defendants to use the Plaintiff's Mark, and none of the Defendants are authorized retailers of Plaintiff's Goods.

21. By their actions, the Defendants are causing harm to Plaintiff and the consuming public by (i) depriving Plaintiff of its right to fairly compete for space online and within search engine results and reducing the visibility of Plaintiff's genuine goods on the Internet, (ii) causing an overall degradation of the value of the goodwill associated with Plaintiff's Mark, and (iii) increasing Plaintiff's overall cost to market its goods and educate consumers about its brand via the Internet.

22. Defendants' payment and financial accounts associated with the Walmart Platform are utilized by Defendants to accept, receive, and deposit profits from their trademark-infringing and unfairly competitive activities linked to their Seller Aliases.

23. Further, the Defendants are, upon information and belief, likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Plaintiff. Therefore, Plaintiff has no adequate remedy at law.

24. Plaintiff is enduring irreparable harm and has incurred substantial damages due to Defendants' unauthorized and wrongful use of Plaintiff's Mark. If this Court does not preliminarily and permanently enjoin Defendants' infringing and unfairly competitive activities, Omega and the consuming public will continue to be harmed while Defendants unjustly reap substantial profits.

IV.  **CLAIMS**

**COUNT I**
**TRADEMARK INFRINGEMENT PURSUANT TO 15 U.S.C. § 1114**

25. Plaintiff realleges and incorporates by reference the allegations set forth above in paragraphs 1-24.

26. This is an action for trademark infringement against the Defendants based on their unauthorized use of Plaintiff's Mark in commerce in connection with the promotion, advertisement, distribution, offering for sale, and/or sale of Defendants' Products.

27. Plaintiff is the exclusive owner of Plaintiff's Mark. The United States Registration for Plaintiff's Mark is in full force and effect.

28. On information and belief, the Defendants have knowledge of Plaintiff's rights in Plaintiff's Mark and are willfully and intentionally infringing on Plaintiff's trademark rights by using Plaintiff's Mark in connection with Defendants' description, advertising, promotion, and sale of Defendants' Goods.

29. Defendants' activities constitute willful trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

30. The Defendants' willful, intentional, and unauthorized use of Plaintiff's Mark for goods identical, nearly identical, directly competing, and/or overlapping to Plaintiff's Goods is likely to cause. It is causing confusion, mistakes, confusion, and deception as to the quality, origin, sponsorship, or approval of Defendants' Products among the general public.

31. The Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages and irreparable harm to Plaintiff and are unjustly enriching the Defendants with profits at Plaintiff's expense.

32. Plaintiff has no adequate remedy at law. Plaintiff has suffered and will continue to suffer irreparable injury and damages because of the Defendants' above-described activities if Defendants are not preliminarily and permanently enjoined. Additionally, Defendants will continue to profit from their unlawful activities wrongfully.

33. Plaintiff is entitled to injunctive relief in accordance with 15 U.S.C. § 1116(a).

34. Plaintiff is entitled to recover damages as set forth in 15 U.S.C. § 1117(a).

35. Plaintiff is entitled to recover its attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT II
## FALSE DESIGNATION OF ORIGIN PUSUANT TO 15 U.S.C. § 1125

36. Plaintiff realleges and incorporates by reference the allegations set forth above in paragraphs 1-24.

37. Plaintiff has used Plaintiff's Mark continuously and consistently for an extended period of time to identify, advertise, promote, and sell Plaintiff's Goods, which has indelibly impressed on the minds of the consuming public the impression that Plaintiff's Mark identifies Plaintiff as the source of its women's fashion and apparel products.

38. Defendants have each caused or authorized the infringing use of Plaintiff's Mark in Defendants' advertisement and promotion of their infringing goods throughout the United States via the Internet.

39. The Defendants' products offered for sale and sold using Plaintiff's Mark are nearly identical in appearance to Plaintiff's genuine goods. However, upon receipt by consumers, the quality of the Defendants' products differs significantly. Therefore, by using Plaintiff's Mark in the description of their products, the Defendants create a false designation of origin and a misleading representation regarding the origin and sponsorship of their products.

40. The Defendants have each caused such goods to enter commerce in the United States with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Plaintiff's detriment.

41. The Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of Defendants' Products to the general public involves the unauthorized use of Plaintiff's Mark and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

42. Plaintiff has no adequate remedy at law and, if the Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand and mark.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

43. Plaintiff realleges and incorporates by reference the allegations set forth above in paragraphs 1-24.

44. Since at least as early as 2009, Plaintiff has continuously offered Plaintiff's Goods under Plaintiff's Mark. As such, Plaintiff has acquired common law trademark rights in and to the ▮▮▮▮▮▮▮ mark.

45. The Defendants adopted and began using Plaintiff's Mark after Plaintiff's first use of Plaintiff's Mark in the United States. Plaintiff's rights in Plaintiff's Mark are therefore senior to the Defendants' rights, if any, in the wordmark ▮▮▮▮▮▮▮ when used in connection with women's fashion and apparel products.

46. The Defendants' conduct of promoting, advertising, offering for sale, and/or selling Defendants' Goods using Plaintiff's Mark constitutes common law trademark infringement.

47. The Defendants' infringing activities are likely to cause and are causing confusion, mistake, and deception among consumers as to the origin and quality of Defendants' Products bearing Plaintiff's Mark.

48. The Defendants' conduct is causing, and unless restrained by this Court, will continue to cause Plaintiff great and irreparable harm that cannot be fully compensated or measured in monetary terms. Plaintiff has no adequate remedy at law. Thus, Plaintiff is entitled to both a preliminary and permanent injunction to prohibit further infringement of Plaintiff's Mark.

**COUNT IV**
**COMMON LAW UNFAIR COMPETITION**

49. Plaintiff realleges and incorporates by reference the allegations set forth above in paragraphs 1-24.

50. The Defendants are each promoting and otherwise advertising, selling, offering for sale, and distributing products using Plaintiff's Mark without authorization or the right to do so. The Defendants are each also infringing on Plaintiff's Mark to unfairly compete with Plaintiff for (a) space in search engine results across an array of search terms and/or (b) visibility on the Internet.

51. The Defendants' conduct constitutes unfair competition under the common law of Florida by a deliberate course of conduct, all without authorization, license, privilege, or justification.

52. The Defendants' infringing activities are causing confusion, mistake, and deception among customers as to the origin and quality of Defendants' Products and Defendants' e-commerce stores as a whole due to their use of Plaintiff's Mark.

53. As a result of the Defendants' acts, Plaintiff has been damaged and will continue to be damaged in an amount not yet determined or ascertainable. At a minimum, however, Plaintiff

is entitled to injunctive relief, an accounting of the Defendants' profits, actual damages, punitive damages, attorney's fees and costs, and any and all other relief authorized by law.

V.  **PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing, Plaintiff prays for judgment on all Claims of this Complaint for Trademark Infringement against the Defendants as follows:

1) Finding that the Defendants have directly infringed Plaintiff's Mark under 15 U.S.C. § 1125(a);

2) Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, employees, and all those acting in concert or participation therewith from:

   a. using Plaintiff's Mark in connection with the distribution, marketing, advertising, offer for sale or sale of any product that is not a genuine Plaintiff product or is not authorized by Plaintiff to be sold in connection with Plaintiff's Mark;

   b. manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering of Defendant's Products;

   c. using any logo, trade name or trademark or design that may be calculated to falsely advertise the goods of Defendants as being sponsored by, authorized by, approved by endorsed by, or in any way associated with Plaintiff;

   d. from using Plaintiff's Mark, or any mark that imitates or is confusingly similar to or in any way similar to Plaintiff's Mark, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of the parties' respective products or services or connectedness of the parties;

  e.  further infringing Plaintiff's Mark and further damaging Plaintiff's goodwill;

  f.  engaging in search engine optimization strategies by using Plaintiff's Mark; and

  g.  otherwise unfairly competing with Plaintiff.

  3)  Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that:

  a.  enjoins Defendants and those with notice of the injunction, including, without limitation any online marketplace platforms (the "Third Party Providers") from participating in, including providing financial, technical, and advertising services or other support to the Defendants in connection with the sale of Defendant's Products;

  b.  that, upon Plaintiff's request, the Third-Party Providers who have notice of the injunction cease hosting, facilitating access to, or providing any supporting service to all e-commerce stores for the Seller Aliases; and

  c.  that, upon Plaintiff's request, the Third-Party Providers for the Seller Aliases who are provided with notice of an injunction issued by this Court, disclose the true identities and any contact information known to be associated with the Defendants' Seller Aliases.

  4)  Directing the Defendants to file with this Court and serve on Plaintiff's counsel within thirty (30) days after the service on Defendants of the injunction, a report in writing under oath setting forth in detail the manner and form in which the Defendants have complied with the injunction;

  5)  Entry of an order requiring the Defendants to account for and pay Plaintiff for all profits and damages resulting from their trademark infringing and unfairly competitive activities and that the award to Plaintiff be trebled, as provided for under 15 U.S.C. §1117,

  6)  Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of Plaintiff's costs and

reasonable attorneys' fees and investigative fees associated with bringing this action as well pre and post-judgment interest;

7) Granting to Plaintiff such further relief as may be equitable and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

DATED: June 4, 2025

Respectfully submitted,

*/s/ Joshua H. Sheskin*
Joshua H. Sheskin (FL Bar No. 93028)
Joshua@bayramoglu-legal.com
William R. Bress (FL Bar No. 98886)
William@bayramoglu-legal.com
**BAYRAMOGLU LAW OFFICES LLC**
11540 W. Warm Springs Rd., Ste 100
Henderson, NV 89014
T: (702) 462-5973 | F: (702) 553-3404

*Attorneys for Plaintiff*